**CHICHESTER KINDERSCHOOL,**
Petitioner

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 2, 2004.

Decided Aug. 2, 2004.

Publication Ordered Nov. 16, 2004.

---

Kenneth J. Benton, Philadelphia, for petitioner.

Diana C. Clark, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, and LEADBETTER, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Chichester Kinderschool appeals from a final order of the Department of Public Welfare's (Department) Bureau of Hearings and Appeals, which affirmed the decision of an administrative law judge dismissing Chichester's administrative appeal for lack of standing. Chichester had appealed the decision of the Delaware County Assistance Office (CAO) denying payment for certain child care services provided to the two nephews of Robert Montgomery. Chichester contends that the Department erred in concluding that Chichester lacked standing to pursue its administrative appeal and in concluding that it was not entitled to reimbursement for child care services provided to the children.

Chichester is a Department-approved vendor that provides day care services for children. At the time relevant to this appeal, Robert Montgomery was unemployed and he had custody of his two nephews, the younger being only three months old. On January 24, 2002, Montgomery applied and was approved for cash assistance and food stamps through the Delaware CAO. Montgomery received an exemption from all Department employment and vocational-training programs because he was caring for a child under the age of twelve months.[1] Although the exemption rendered Montgomery ineligible for child care services, a CAO employee provided him with two forms that could be used to enroll his nephews in a day care center if and when Montgomery should later become eligible for that service. On January 28, 2002, Montgomery presented the forms to Chichester, allegedly representing that he had been approved for child care services. Chichester provided day care for the two children from January 28 until April 11. On April 9, 2002, the CAO received the completed forms from Chichester, requesting payment of $3265 for the services provided. The CAO returned the forms with a note stating that Montgomery was ineligible for child care benefits. After further inquiries by Chichester, the CAO informed Chichester by notice dated June 24, 2002 that Montgomery was ineligible for child care benefits because he was not working during the applicable eligibility period.

Chichester filed a timely appeal. A hearing was held June 10, 2003 at which representatives of the CAO and Chichester testified regarding their communications and the circumstances by which Montgomery's nephews were enrolled in Chichester. Montgomery did not request an administrative appeal nor did he appear at the hearing or otherwise offer evidence. At

1. RESET, the Road to Economic Self–Sufficiency Through Employment and Training, is a program that assists cash-assistance recipients in obtaining employment in order to foster economic self-sufficiency. Unless granted an exemption, a recipient must participate in the program. 55 Pa.Code Chapter 165.

the beginning of the hearing, a CAO employee stated that under the Department's regulations he did not believe Chichester had standing to pursue its appeal. By order and adjudication dated July 10, 2003, the administrative law judge dismissed Chichester's appeal for lack of standing. Noting the Department's regulations governing hearings at 55 Pa.Code § 275.1, governing the RESET program at § 165.41 and § 165.44 and governing child care at § 168.1 and § 168.41, the administrative law judge concluded that Chichester had no standing to pursue its appeal because Montgomery never requested child care benefits nor sought an administrative appeal. The chief administrative law judge of the Department's Bureau of Hearings and Appeals affirmed the order.[2]

■ The threshold question before the Court is whether Chichester had standing to appeal the CAO's denial of child care benefits to Montgomery. Chichester argues that it has standing through the Department's regulations at 55 Pa.Code § 165.81 and Section 702 of the Administrative Agency Law, 2 Pa.C.S. § 702. Citing Section 423 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. § 423, and the regulations governing hearings at 55 Pa.Code §§ 275.1–275.5, the Department maintains that only applicants or recipients of public assistance, or those designated by them to file an appeal on their behalf, have standing to appeal the Department's denial of benefits. The Court is compelled to agree that under applicable statutory provisions and Department regulations, Chichester did not have standing to appeal the CAO's denial of child care benefits to Montgomery.

■ Generally, when statutory and regulatory provisions designate who may appeal an agency action, only those persons so designated have standing to appeal. *In re 1995 Audit of Middle Smithfield Township,* 701 A.2d 793 (Pa.Cmwlth.1997). Section 423 of the Public Welfare Code is entitled "Hearing appeals of *recipients*" and is the section pursuant to which the Department's regulations at 55 Pa.Code §§ 275.1–275.5 were promulgated, and it provides that a CAO "shall hear and determine appeals from the actions of its employes affecting the rights of those *applying for or receiving assistance. Any person applying for or receiving assistance* . . . may appeal to the department from any decision of the county board, refusing or discontinuing his assistance, in whole or in part."[3] (Emphasis added.)

2. The Court's review in an administrative agency appeal is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether a required practice or procedure of the administrative agency was not followed and whether the necessary findings of fact are supported by substantial evidence in the record. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Gunter v. Workers' Compensation Appeal Board (City of Philadelphia),* 573 Pa. 386, 825 A.2d 1236 (2003); *Baldwin Health Center v. Department of Public Welfare,* 755 A.2d 86 (Pa.Cmwlth.2000).

3. Section 275.1 of the regulations provides that the right to a hearing is fundamental for any "applicant or recipient." 55 Pa. Code § 275.1(a)(1). The regulation defines "assistance" as any "money payment, medical assistance, food stamps and services," and provides that "every person applying for or receiving a money payment, medical assistance, food stamps or services [shall have] the right to appeal from a Department action or failure to act and to have a hearing if he is dissatisfied with a decision refusing or discontinuing assistance in whole or in part." § 275.1(a)(4), (a)(2). Section 275.2 defines an "appellant" as the "applicant or recipient who has requested the hearing and signed the appeal" and defines a "hearing request" as "[a]n expression, oral or written, by the client or the person acting for him, such as his legal representative, relative or friend, to the effect that he wants an oppor-

These provisions clearly authorize appeals and hearings only for applicants or recipients of public assistance, or their authorized representatives, and not for vendors or providers seeking payment or reimbursement for services provided. *See Beverly Healthcare–Murrysville v. Department of Public Welfare,* 828 A.2d 491 (Pa.Cmwlth.2003). Because Montgomery, as the applicant or recipient, neither requested a special allowance for child care benefits nor authorized Chichester to file an appeal on his behalf, Chichester did not have standing to appeal from the CEO's denial of child care benefits.

Chichester's arguments to the contrary are of no avail. Because the Department promulgated regulations defining hearing procedures for applicants and recipients of public assistance, those provisions of the General Rules of Administrative Practice and Procedure, 1 Pa.Code §§ 31.1–35.251, addressing appeals and hearings are inapplicable. 1 Pa.Code § 31.1. Section 165.81 of the regulations, 55 Pa.Code § 165.81, does not grant Chichester standing, because that section authorizes hearings only in accordance with Chapter 275, which in turn addresses hearings for applicants and recipients. Section 702 of the Administra-

tunity to present his case to higher authority."

4. On the merits, Chichester argues that even though Montgomery was ineligible for child care services, the Department should be estopped from denying payment for those services because a CAO employee orally verified that Montgomery was eligible for benefits and the same employee provided Montgomery with two child care forms that created a false impression that Montgomery had been approved to receive such services. A party asserting equitable estoppel against a Commonwealth agency must prove three elements: (1) intentionally or negligently misleading words, conduct or silence by the agency; (2) unambiguous proof that the asserting party reasonably relied upon the agency's misrepresentation; and (3) the lack of a duty to inquire on

tive Agency Law is inapplicable, because it defines standing only in the context of an appeal from an administrative agency to an appellate court.[4] Accordingly, because the Court finds no reversible error, the order of the Department is affirmed.

### ORDER

AND NOW, this 2nd day of August 2004, the order of the Department of Public Welfare is hereby affirmed.

the part of the party. *Baldwin Health Center v. Department of Public Welfare,* 755 A.2d 86 (Pa.Cmwlth.2000). On this record, the Court cannot conclude that Chichester met its burden. After hearing contradictory testimony, the administrative law judge found that the CAO employee had not orally misrepresented Montgomery's eligibility status and that the employee had not assured Chichester that it would receive payment. Although one may debate the wisdom of providing the child care forms to a recipient who does not currently qualify for the benefits, the Court cannot conclude that merely providing partially completed forms to a *recipient* rises to the level of a negligent misrepresentation in regard to an unknown *provider,* especially when it is the recipient who represents that he has been approved to receive the benefits.