**In re ADOPTION OF Z.S.H.G.**

**Appeal of: T.B.G.**

Superior Court of Pennsylvania.

Argued Sept. 20, 2011.

Filed Dec. 30, 2011.

Reargument Denied Feb. 21, 2012.

Joseph B. Policicchio, Somerset, for appellant.

Kimberly H. Hindman, Somerset, for H.S.G. and S.K.G., participating parties.

BEFORE: BOWES, DONOHUE, and FREEDBERG, JJ.

OPINION PER CURIAM:

T.B.G. appeals the orphans' court order dismissing her second collateral petition to set aside the April 20, 2007 adoption de-

cree and the concomitant order entered on February 27, 2007, wherein the orphans' court terminated her parental rights to her son, Z.S.H.G. Appellees, R.S.G. and his wife S.K.G., are Z.S.H.G.'s first cousins once removed. *See In re Adoption of Z.S.H.G.*, 990 A.2d 60 (Pa.Super.2009) (unpublished memorandum at 1), *appeal denied*, 606 Pa. 651, 992 A.2d 890 (2010). Z.S.H.G. has resided with Appellees on a part-time basis since December 2005, when he was less than two years old, and on a full-time basis since May 8, 2006. *Id.* at 2. After careful review, we affirm.

The orphans' court summarized the procedural history of this case as follows:

On November 7, 2006, the [Appellees] filed a petition to involuntarily terminate the parental rights of the father and mother of Z.S.H.G. A termination hearing was conducted on February 9, 2007. [Appellant] failed to appear for the hearing in spite of having proper notice thereof. We proceeded with the hearing in [Appellant's] absence, issuing a decree terminating her parental rights on February 9, 2007.

Although she had timely notice of the court's termination decree, [Appellant] did not take an appeal. Instead, some fourteen months later, on April 29, 2008, she collaterally attacked the termination and adoption decrees by filing a Petition to Set Aside Adoption and Order Decreeing Termination of Parental Rights. In her petition, she asserted that she was not properly served with notice of the termination proceedings. Finding that [Appellant] had waived her right to review of the termination decree and that she had been given proper notice of the termination proceedings, we denied her petition by order dated March 29, 2009.

[Appellant] filed a notice of appeal in the Superior Court on April 24, 2009.

On appeal, she raised three issues: (1) Whether we had erred in concluding that she had been properly served with notice of the termination proceeding; (2) Whether we had erred in concluding that [Appellant] had waived any defect in notice when she failed to appeal the termination decree; and (3) Whether her due process rights had been violated by the court's failure to take steps to secure her presence at the termination hearing. Upon considering [Appellant's] appeal, the Superior Court affirmed our order by Non–Precedential Memorandum dated December 7, 2009. [*In re Adoption of Z.S.H.G.*, 990 A.2d 60 (Pa.Super.2009) (unpublished memorandum at 1), *appeal denied*, 606 Pa. 651, 992 A.2d 890 (Pa.2010).]

[Appellant] next filed a petition for allowance of appeal with our Supreme Court. It was in this petition that she asserted for the first time that this court lacked subject matter jurisdiction over the termination action because [Appellees] had not established standing under 23 Pa.C.S.A § 2512. The Supreme Court denied the petition for allowance of appeal without comment.

On May 14, 2010, [Appellant] filed the instant petition, her second Petition to Set Aside Adoption and Order Decreeing Termination of Parental Rights. Citing *In re Adoption of W.C.K.*, 748 A.2d 223 (Pa.Super.2000), she argues that the [Appellees] had not satisfied the prerequisites for standing prescribed in the Adoption Act at 23 Pa.C.S.A § 2512(a), and because the [Appellees] had not established standing, this court lacked subject matter jurisdiction over the termination action against her.

Trial Court Opinion, 2/16/11, at 2–3.

The parties filed cross-motions for summary judgment, submitted briefs outlining their positions, and presented their coun-

tervailing arguments to the orphans' court. Appellant posited that summary judgment was warranted because there was no issue of material fact regarding Appellees' lack of standing. Appellees countered with several defenses to Appellant's second collateral challenge to the adoption decree and they requested that the court impose attorneys' fees.

 Thereafter, on February 16, 2011, the orphans' court granted Appellees' motion for summary judgment and dismissed Appellant's second petition for collateral relief. In addition, the orphans' court denied Appellees' request for counsel fees and dismissed Appellant's petition for summary judgment as moot.[1] Appellant filed a timely notice of appeal but failed to concurrently file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i). Nevertheless, since she subsequently complied with the orphans' court's order directing her to file the Rule 1925(b) statement, we will address the merits of this appeal. *See In re K.T.E.L.*, 983 A.2d 745, 747–748 (Pa.Super.2009).

Appellant presents a single question for our review: "Did the lower court err in holding that the doctrine of the law of the case applied in barring Appellant's . . . attack on the lower court's admitted lack of subject matter jurisdiction in terminating her parental rights to [Z.S.H.G.]?" Appellant's brief at 4.

Our standard of review of an order granting summary judgment is well settled:

A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Michael Salove Co. v. Enrico Partners, L.P.*, 23 A.3d 1066, 1069 (Pa.Super.2011) (quoting *Coleman v. Wyeth Pharmaceuticals, Inc.*, 6 A.3d 502, 508–09 (Pa.Super.2010)).

 As it relates to Appellant's collateral attack on the termination and adoption decrees, we observe the pertinent legal principles that this Court reiterated in *In re M.J.S.*, 206 Pa.Super. 154, 903 A.2d 1, 8 (2006).

An adoption decree is presumed to be valid, and the person challenging it bears the burden of showing its invalidity by clear and convincing evidence. *In the Matter of the Adoption of Christo-*

---

1. Appellees do not challenge the portion of the orphans' court's order denying their claim for counsel fees.

*pher P.*, 480 Pa. 79, 84, 389 A.2d 94, 97 (1978); *Singer Adoption Case*, 457 Pa. 518, 522, 326 A.2d 275, 277 (1974); *Chambers Appeal*, 452 Pa. 149, 152–153, 305 A.2d 360, 362 (1973); [*In re Adoption of List*], 418 Pa. 503, 508–509, 211 A.2d 870, 873–874 (1965). In [*In re Adoption of List*], *supra*, the Supreme Court listed five principles of law which are pertinent to a collateral attack on an adoption decree.

> In determining this appeal certain principles of law must be kept in mind: (1) an adoption decree entered by a court having jurisdiction over the subject matter and the parties is generally immune from collateral attack, particularly where the record shows a substantial compliance with the adoption statute; (2) where the record in the adoption proceedings affirmatively reveals a lack of jurisdiction, then the adoption decree is subject to collateral attack; (3) notice to a natural parent of the adoption proceedings and the consent of a natural parent, where necessary, are jurisdictional prerequisites in an adoption proceeding; (4) when an adoption decree is collaterally attacked, the entry of the decree raises a presumption of its validity and regularity and an implication arises that the court did find the necessary facts and did perform all the steps essential to the jurisdiction of the court; (5) the burden is upon the person attacking an adoption decree to establish its invalidity by clear and convincing evidence.

*Id.* (*quoting In re Adoption of B.E.W.G.*, 379 Pa.Super. 264, 549 A.2d 1286, 1288 (1988)).

As noted, the crux of Appellant's position is that since Appellees failed to file a report of intention to adopt prior to filing their petition to terminate Appellant's parental rights involuntarily, they lacked standing to file for involuntary termination of her parental rights.[2] Therefore, according to Appellant, pursuant to prevailing case law, the orphans' court did not have subject matter jurisdiction to impose the adoption decree. Appellant continues that since no court addressed the issue of subject matter jurisdiction explicitly in any of the prior proceedings, neither *res judicata* nor the doctrine of law of the case applies to bar her from asserting it herein. She concludes that the orphans' court's alleged lack of subject matter jurisdiction rendered the decrees terminating her parental rights to Z.S.H.G. and formalizing the child's adoption legal nullities, even though she failed to appeal either decree. Appellant reaches her conclusion fully cognizant of the cold reality that Z.S.H.G. has resided with his current family on a full-time basis since 2005 and was adopted during 2007.

In rejecting Appellant's claim for relief, the orphans' court first observed that while standing and subject matter jurisdiction are generally unrelated, in *In re Adoption of W.C.K.*, 748 A.2d 223, 228 (Pa.Super.2000), this Court espoused the legal principle that in instances where "our legislature has designated who may bring an action under a particular statute, a court does not have jurisdiction over the action unless the party bringing the action has standing." That case further explained that since a challenge to standing in this context implicates subject matter jurisdiction, it could never be waived and can be raised by the court *sua sponte*. *Id.* We concluded, "[the petitioners'] standing under section 2512 [of the Adoption Act] is

**2.** Appellant also challenges the finding that Appellees stood *in loco parentis* when they filed the petition to terminate her parental rights. For the reasons discussed in the body of this opinion, no relief is due.

a prerequisite to the trial court's jurisdiction over this matter. If the [petitioners] did not meet this jurisdictional prerequisite, then it was incumbent upon [the trial court] to dismiss their petitions." *Id.* at 229.

■ Next, the orphans' court agreed with Appellant's position that Appellees lacked standing because they failed to file a report of intention to adopt pursuant to 23 Pa.C.S. § 2531(a).[3] Trial Court Opinion, 2/16/11, at 4–9. The orphans' court also subscribed to the principle that a party can challenge subject matter jurisdiction during collateral review. *Id.* at 10. However, relying upon our reasoning in *In re: C.M.S.*, 884 A.2d 1284 (Pa.Super.2005), the orphans' court concluded that this Court implicitly assumed subject matter jurisdiction by addressing the merits of Appellant's first collateral challenge to the termination and adoption decrees and therefore the jurisdictional issue has been finally resolved in Appellees' favor. Trial Court Opinion, 2/16/11, at 11–13. While we disapprove of the orphans' court's application of *In re: C.M.S.*, mindful that we may affirm the orphans' court on any basis supported by the certified record, we

agree with the court's ultimate conclusion that Appellant cannot challenge the adoption decree in this case.[4] *See R.M. v. J.S.*, 20 A.3d 496, 506 n. 8 (Pa.Super.2011) ("If we determine that the trial court ruling is correct, we can affirm on any basis supported by the record.").

Initially, we observe that while our holding in *In re Adoption of W.C.K., supra,* appears pertinent at first blush, that case does not control the outcome of the case at bar. In *In re Nomination Petition of deYoung*, 588 Pa. 194, 903 A.2d 1164 (2006), our Supreme Court overruled the *W.C.K.* Court's rationale *sub silentio* and expressly rejected the proposition that standing is a jurisdictional prerequisite to a court having subject matter jurisdiction. In admonishing the Commonwealth Court for invoking this principle in order to address a standing issue *sua sponte,* the *deYoung* Court "specifically renounce[d]" the holding of *Beverly Healthcare–Murrysville v. Department of Public Welfare,* 828 A.2d 491 (Pa.Cmwlth.2003), that subject matter jurisdiction is intertwined with standing where a statute designates who may sue.[5] *Id.* at 1168 n. 5. The High

---

3. Pursuant to 23 Pa.C.S. § 2512(a), "[a] petition to terminate parental rights with respect to a child under the age of 18 years may be filed by any of the following:

. . . .

(3) The individual having custody or standing in loco parentis to the child and who has filed a report of intention to adopt required by section 2531 (relating to report of intention to adopt)."

4. In deciding *In re: C.M.S.*, 884 A.2d 1284, 1288 (Pa.Super.2005), this Court held that by addressing the merits of a case during a prior appeal, the Superior Court "implicitly determined that it had subject matter jurisdiction" and that finding became the law of the case. Herein, we are compelled to note that the rationale employed in *In re: C.M.S.*, regarding the *res judicata* effect of a direct appeal on a subsequent challenge to subject matter juris-

diction is flawed. That case holds that a challenge to subject matter jurisdiction can only be made at or before direct appeal where the jurisdictional challenge is used to set aside an adoption decree. In so holding, *In re: C.M.S.* contradicts the well-established principle that a lack of subject matter jurisdiction is not waivable and can be raised at any time, including in a collateral challenge to an adoption decree. *E. g., In re Adoption of List,* 418 Pa. 503, 211 A.2d 870, 873–874 (1965). Tellingly, the contrary principle announced in *In re: C.M.S.* has never again been recited in a published opinion of this Court.

5. Like the Superior Court in *In re Adoption of W.C.K., supra,* the Commonwealth Court relied upon our holdings in *Grom v. Burgoon,* 448 Pa.Super. 616, 672 A.2d 823, 824–25 (1996) and *Hill v. Divecchio,* 425 Pa.Super. 355, 625 A.2d 642 (1993) to support the prop-

Court explained, "Subject matter jurisdiction concerns the competency of the court to determine controversies of the **general class** to which the case presented for its consideration belongs ..... 'Whether a party has standing to maintain an action is not a jurisdictional question.'" *Id.* at 1168 (quoting *Beers v. Unemployment Comp. Bd. of Review,* 534 Pa. 605, 633 A.2d 1158, 1160 n. 6 (1993)) (emphasis in the original).

Moreover, to the extent that our Supreme Court did not specifically renounce the principle underlying Appellant's current position as it relates to the Adoption Act, Appellant's collateral challenge to the adoption decree still fails. Simply stated, the standing-based subject matter jurisdiction that this Court invoked *sua sponte* in *In re Adoption of W.C.K.,* is far removed from our Supreme Court's discussion in *In re Adoption of List, supra,* of the five principles pertinent to a collateral attack upon an adoption decree. Among these principles, the Supreme Court identified that "an adoption decree entered by a court having jurisdiction over the subject matter and the parties is generally immune from collateral attack ..." *Id.* at 873. This reference to subject matter jurisdiction implicates only the traditional concept of subject matter jurisdiction, *i.e.,* the orphans' court's competency to review the pertinent petitions, and not the standing-based subject matter jurisdiction that we recognized in *In re Adoption of W.C.K.* *See* 20 Pa.C.S. § 711(7) ("the jurisdiction of the court of common pleas over [adoptions, subject to special provisions for Phil-

adelphia County,] shall be exercised through its orphans' court division.").

■ Unlike standing, which relates to a party's right to make a legal claim or seek judicial enforcement, subject matter jurisdiction concerns the court's authority to consider cases of a given nature and grant the type of relief requested. Instantly, it is beyond argument that, as with all petitions filed pursuant to the Adoption Act in a court of common pleas outside of Philadelphia County, the orphans' court had subject matter jurisdiction pursuant to 20 Pa.C.S. § 711(7) to confront Appellees' petitions, rule on the merits of the matters at hand, and grant the requested relief. Although Appellees' standing to file the underlying petitions appears dubious in this case, that issue does not support a collateral attack pursuant to *In re Adoption of List.*

Thus, despite Appellant's repeated protestations to the contrary, *In re Adoption of W.C.K.,* does not control our disposition of this case. In fact, in light of our Supreme Court's declaration in *In re Nomination Petition of deYoung, supra,* that case's precedential status has been eroded. Accordingly, having clarified that standing is **not** intertwined with subject matter jurisdiction when a statute designates who may sue, we observe that Appellant's current assertion is waived because she first raised the issue of Appellees' standing four years after the decree terminating her parental rights became final. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *In re Paulmi-*

osition that standing could be a jurisdictional precedent. *See Beverly Healthcare–Murrysville,* 828 A.2d 491, 496 (Pa.Cmwlth.2003). The Pennsylvania Supreme Court has never reviewed any of the Superior Court cases that invoked this principle. *See, e.g., Hill v. DiVecchio,* 538 Pa. 613, 645 A.2d 1316 (1994) (de-

nying request for allowance of appeal); *In re Adoption of W.C.K.,* 567 Pa. 745, 788 A.2d 378 (2000) (same); *In re Estate of Luongo,* 577 Pa. 722, 847 A.2d 1287 (2003) (same); *K.B. v. C.B.F.,* 584 Pa. 538, 885 A.2d 983 (2005) (appeal dismissed as having been improvidently granted).

*er,* 594 Pa. 433, 937 A.2d 364, 368 n. 1 (2007) (unlike subject matter jurisdiction, issue concerning standing is subject to waiver).

For the foregoing reasons, we affirm the orphans' court's order denying Appellant's second collateral petition to set aside the adoption decree and the order terminating her parental rights to Z.S.H.G.

Order affirmed.