J-A19022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA<br><br>v.<br><br>REGINELLA CONSTRUCTION COMPANY, LTD.; REGCON CORP.; REGINELLA CONSTRUCTION COMPANY, INC.; JOSEPH A REGINELLA; AND DONNA M. REGINELLA, INDIVIDUALS<br><br>v.<br><br>MOON AREA SCHOOL DISTRICT AEGIS SECURITY INSURANCE COMPANY; DERRY AREA SCHOOL DISTRICT; OHIO TURNPIKE COMMISSION; 21ST CENTURY CONCRETE CONSTRUCTION INC.; J. J. CONNOR CO., INC.; BCS CONTRACTORS, INC.; GIVENS CONSTRUCTION, LLC; MOHAWK RE-BAR SERVICES, INC.; THE WHITACRE ENGINEERING CO.:  P&L PARIS CORPORATION; AND LEWIS LAND PROFESSIONALS, INC.<br><br>APPEAL OF:  REGINELLA CONSTRUCTION COMPANY, LTD., REGINELLA CONSTRUCTION COMPANY, INC., JOSEPH A. REGINELLA AND DONNA M. REGINELLA | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>No. 1599 WDA 2013 |

Appeal from the Order of September 19, 2013
In the Court of Common Pleas of Allegheny  County
Civil Division at No(s): GD 12-012196


BEFORE:  BENDER, P.J.E., OLSON and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 05, 2014**


* Former Justice specially assigned to the Superior Court.

Appellants, Reginella Construction Company, Ltd., Reginella Construction Company, Inc., Joseph A. Reginella, and Donna M. Reginella, appeal from the order entered on September 19, 2013. We quash this appeal.

On July 16, 2012, Travelers Casualty and Surety Company of America (hereinafter "Travelers") instituted the current action by filing a complaint against Appellants. Within Traveler's complaint, Travelers averred the following. Reginella Construction Company, Ltd. (hereinafter individually "RCCL") is a general contractor that is engaged in construction within the State of Ohio and the Commonwealth of Pennsylvania. Traveler's Complaint, 7/16/12, at ¶ 8. In 2009, Appellants approached Travelers and requested that Travelers issue them surety bonds for their public and private construction projects. *Id.* at ¶ 10. Travelers then issued certain surety bonds to Appellants, in connection with Appellants' construction projects in Ohio and Pennsylvania, including: Appellants' construction project for the Ohio Turnpike Commission (hereinafter "Ohio Turnpike Commission" or "the Commission") (in Ohio); Appellants' construction project for the Moon Area School District (in Pennsylvania); and, Appellants' construction project for the Derry Area School District (in Pennsylvania). *Id.* at ¶ 16. Further, Appellants and Travelers executed a general agreement of indemnity, wherein Appellants agreed to "reimburse[e] Travelers for losses [Travelers] sustains as a result of bonds issued on behalf of" Appellants. *Id.* at ¶ 14.

According to Travelers, Appellants defaulted upon the construction contracts with the Ohio Turnpike Commission and the Moon Area School District by doing such things as: failing to pay their subcontractors and suppliers for work performed and material furnished on the projects; failing to complete the work on the projects in a competent and timely manner; and, improperly staffing the work sites. *Id.* at ¶¶ 19-64. As a result of these defaults, Appellants defaulted under the terms of the Travelers' surety bonds and, moreover, exposed Travelers to liability under the bonds. Travelers thus levied a number of claims against Appellants, including: breach of contract, common law indemnification, contractual indemnification, and exoneration. *Id.* at ¶¶ 65-85.

On December 21, 2012, Appellants filed an "Answer, New Matter, Counterclaim, and Complaint to Join Additional Defendants Pursuant to 42 Pa.C.S.A. § 2252" (hereinafter "Appellants' Complaint to Join"). Appellants asserted five counterclaims against Travelers: 1) "breach of the three-party bond agreement for the Moon [Area School District] Project;" 2) "breach of the three-party bond agreement for the Ohio Turnpike [Commission] Project;" 3) "breach of the three-party bond agreement for the Derry [Area School District] Project;" 4) slander of title; and, 5) "breach of the [general indemnification agreement] and the implied covenant of good faith and fair dealing in the [general indemnification agreement]." Appellants' Complaint to Join, 12/21/12, at ¶¶ 67-105.

- 3 -

Within Appellants' complaint to join, Appellants asserted a number of contractual claims against a host of additional defendants, including: the Ohio Turnpike Commission, various subcontractors on the Ohio Turnpike project, the Moon Area School District, and the Derry Area School District. *Id.* at 149-265.

On January 23, 2013, the Ohio Turnpike Commission filed preliminary objections to Appellants' complaint to join and, within these preliminary objections, the Commission asserted a number of grounds for relief. The Commission's third numbered preliminary objection requested that the trial court dismiss Appellants' complaint against the Commission, as the Pennsylvania courts lack subject matter jurisdiction over the Commission. The Commission's Preliminary Objections, 1/23/13, at ¶¶ 21-26. As the Commission argued, under Ohio statute, the Commission may only "[s]ue and be sued . . . in the court of common pleas of the county in which the principal office of the commission is located, or in the court of common pleas of the county in which the cause of action arose if that county is located within [Ohio]." *Id.* at ¶ 22; Ohio Rev. Code § 5537.04(a). Since Appellants did not bring their action against the Commission in either of the two designated fora, the Commission claimed that the complaint against it must be dismissed for lack of subject matter jurisdiction. The Commission's Preliminary Objections, 1/23/13, at ¶¶ 21-26.

The Commission also claimed that the trial court must dismiss Appellants' complaint on the basis of improper venue. *Id.* at ¶¶ 27-30.

- 4 -

Specifically, the Commission claimed its contract with Appellants contains a forum selection clause, which mandates that any "action or proceeding [between the parties] shall be brought only in the court of common pleas of Cuyahoga County, Ohio or of the county in the State in which the Project is located and the Contractor irrevocably consents to such jurisdiction." *Id.* at ¶ 29.

On September 19, 2013, the trial court issued a memorandum and order of court, wherein the trial court sustained both of the Commission's above-summarized preliminary objections. Thus, the trial court concluded that it must dismiss Appellants' complaint against the Commission based upon lack of subject matter jurisdiction and the forum selection clause. Trial Court Memorandum and Order of Court, 9/19/13, at 2-5.

Notwithstanding the fact that the underlying lawsuit is still ongoing – and that the trial court only dismissed Appellants' complaint against the Ohio Turnpike Commission – on October 7, 2013, Appellants filed a notice of appeal from the trial court's September 19, 2013 order. Appellants now claim that the trial court erred in dismissing its complaint against the Commission. We, however, lack jurisdiction to consider the current appeal.

As we have explained, this Court is obligated to "first ascertain whether the [order appealed from] is properly appealable, because the question of appealability implicates the jurisdiction of this [C]ourt." *Commonwealth v. Borrero*, 692 A.2d 158, 159 (Pa. Super. 1997). "The general rule is that, unless otherwise permitted by statute, only appeals

from final orders are subject to appellate review." ***Commonwealth v. Sartin***, 708 A.2d 121, 122 (Pa. Super. 1998). In relevant part, Pennsylvania Rule of Appellate Procedure defines a "final order" as any order that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1).[1]

In this case, the trial court's September 19, 2013 order is obviously not final, as it merely dismissed Appellants' complaint against the Ohio Turnpike Commission; all of the other parties and claims in the case remain active and pending in the trial court. Therefore, the current order constitutes a non-final, interlocutory order.

Interlocutory orders are appealable in certain circumstances. Our Supreme Court has explained:

> in addition to an appeal from final orders of the Court of Common Pleas, our rules provide the Superior Court with jurisdiction in the following situations: interlocutory appeals that may be taken as of right, Pa.R.A.P. 311; interlocutory appeals that may be taken by permission, Pa.R.A.P. [312]; appeals that may be taken from a collateral order, Pa.R.A.P. 313; and appeals that may be taken from certain distribution orders by the Orphans' Court Division, Pa.R.A.P. 342.

---

[1] Rule 341 also defines a "final order" as any order that "is expressly defined as a final order by statute" or "is entered as a final order pursuant to [Pa.R.A.P. 341(c)]." Pa.R.A.P. 341(b)(2) and (3). However, these two categories are not applicable to the current appeal.

*Commonwealth v. Garcia*, 43 A.3d 470, 478 n.7 (Pa. 2012) (internal quotations omitted), *quoting* **McCutcheon v. Phila. Elec. Co.**, 788 A.2d 345, 349 n.6 (Pa. 2002).

Here, Appellants did not ask for or receive permission to appeal the interlocutory order (*per* Pa.R.A.P. 312) and Appellants have not provided this Court with any argument as to whether – or how – the order could satisfy the collateral order doctrine (*per* Pa.R.A.P. 313).

Appellants do, however, claim that the September 19, 2013 order is appealable under Pennsylvania Rule of Appellate Procedure 311(c). This rule declares:

> **(c) Changes of venue, etc.** An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of *forum non conveniens* or analogous principles.

Pa.R.A.P. 311(c).

The note to Rule 311(c) provides further explanation as to the types of orders to which the rule applies:

> Subdivision (c) covers orders that do not sustain venue, e.g., orders under Pa.R.C.P. 1006(d) and (e).
>
> However, the subdivision does not relate to a transfer under 42 Pa.C.S. § 933(c)(1) (concurrent and exclusive jurisdiction), 42 Pa.C.S. § 5103 (transfer of erroneously filed matter) or under any other similar provision of law, because such a transfer is not to a "court of coordinate jurisdiction" within the meaning of this rule; it is intended that there shall be no right of appeal from a transfer order based on improper subject matter jurisdiction. Such orders

- 7 -

> may be appealed by permission under [Pa.R.A.P.] 312, or an appeal as of right may be taken from an order dismissing the matter for lack of jurisdiction. **Balshy v. Rank**, 490 A.2d 415 (Pa. 1985).
>
> Other orders relating to subject matter jurisdiction (which for this purpose does not include questions as to the form of action, e.g., as between law and equity, or divisional assignment, see 42 Pa.C.S. § 952 (status of court divisions)) will be appealable under Rule 341 if jurisdiction is not sustained, and otherwise will be subject to Rule 312.

Pa.R.A.P. 311(c) note.

At the outset, we reiterate the fact that the trial court dismissed Appellants' complaint against the Commission because of the forum selection clause **and** because it concluded that it lacked subject matter jurisdiction over the action. Hence, even if we were to conclude that we had jurisdiction to consider the propriety of the trial court's forum selection clause ruling and even if we were to conclude that the trial court's ruling on that issue was in error, we would still be unable to provide Appellants with any practical relief in this case. This is because we unquestionably have no jurisdiction to consider the trial court's dismissal of this action on subject matter jurisdiction grounds.[2] Therefore, even if the trial court erred in dismissing

_____

[2] Appellants claim that the trial court's subject matter jurisdiction ruling "is effectively a ruling on venue based on the venue provision of the Ohio statute" – and that, because the ruling is "really" a ruling on venue, the ruling "is appealable under Rule 311(c)." Appellants' Reply Brief at 5. This argument immediately fails. Indeed, to determine the "substance" of the trial court's ruling, we would first need to possess subject matter jurisdiction over that portion of the order. **See**, **e.g.**, **Sheard v. J.J. DeLuca Co.**, 92 A.3d 68, 75 (Pa. Super. 2014) ("[s]ubject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy

*(Footnote Continued Next Page)*

the complaint on the basis of the forum selection clause, the complaint **would remain dismissed** because of the trial court's subject matter jurisdiction ruling.

Regardless, we conclude that Rule 311(c) does not encompass the trial court's forum selection clause ruling and that we must quash this appeal in its entirety.

When the trial court determined that the forum selection clause applied and that the parties had agreed to bring any "action or proceeding" in Ohio, the trial court was required to dismiss Appellants' complaint against the Commission.  Certainly, this Court has held that, "[b]ecause our courts lack authority to transfer cases to the courts of our sister states, dismissal of the action is the only permissible result."  *Alford v. Phila. Coca-Cola Bottling Co.*, 531 A.2d 792, 794 (Pa. Super. 1987).  As Rule 311(c) declares, it allows for an interlocutory appeal as of right from an order "changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of *forum non*

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

presented").  Yet, as was explained above, we clearly do not possess subject matter jurisdiction over the trial court's order dismissing the complaint on subject matter jurisdiction grounds.  Therefore, we simply have no power to consider the portion of the order dismissing the complaint on subject matter jurisdiction grounds – and we have no power to determine whether the trial court's clear ruling that it lacked subject matter jurisdiction over the action was "in reality" a ruling on venue.  *See In re Adoption of Z.S.H.G.*, 34 A.3d 1283, 1290 (Pa. Super. 2011) ("subject matter jurisdiction concerns the court's authority to consider cases of a given nature and grant the type of relief requested").

- 9 -

*conveniens* or analogous principles." Pa.R.A.P. 311(c). By its terms, the dismissal of Appellants' complaint on the basis of a forum selection clause does not constitute an order "changing venue" or an order "transferring the matter to another court of coordinate jurisdiction." Rather, the order simply dismissed Appellants' complaint – and it did so because of a contractual provision that required Appellants to bring its action against the Commission in Ohio.

The trial court also did not "declin[e] to proceed in the matter on the basis of *forum non conveniens* or analogous principles." Pa.R.A.P. 311(c). As our Supreme Court has held, the doctrine of *forum non conveniens* permits a court to dismiss or transfer an action "only if the defendant demonstrates, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant." ***Bratic v. Rubendall***, ___ A.3d ___, 2014 WL 4064028, at *4 (Pa. 2014), *quoting* ***Cheeseman v. Lethal Exterminator, Inc.***, 701 A.2d 156 (Pa. 1997) (internal quotations omitted).

In the case at bar, the trial court "declin[ed] to proceed in the matter" because of the parties' contractual agreement that the action be brought in the Ohio courts of common pleas – not because of any concerns about oppressiveness or vexation to the defendant. ***Id.*** The trial court's order is thus analogous to the dismissal of a complaint based upon the lack of subject matter jurisdiction – and, as we have explained, Pennsylvania Rule

of Appellate Procedure 311 does not encompass such an order. We must therefore quash this appeal.

Appeal quashed.

Bender, P.J.E., joins the memorandum.

Fitzgerald, J., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/5/2014