J-A21033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: M.L.J.P., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.M.C. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1037 EDA 2023 |

Appeal from the Order Entered March 23, 2023
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-AP-0000463-2020

BEFORE:  BENDER, P.J.E., LAZARUS, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED DECEMBER 6, 2023**

A.M.C. ("Paternal Grandmother") appeals from the order entered on March 23, 2023, in the Court of Common Pleas of Philadelphia County, denying her motion for visitation with her dependent granddaughter, M.L.J.P., born in May of 2013.  We affirm.

The following relevant facts and procedural history are undisputed. M.L.J.P. has been in the custody of the Philadelphia Department of Human Services ("DHS") since October of 2018, when she was five years old.  *See* Trial Court Opinion, 6/6/23, at 3.  The court adjudicated her dependent on April 24, 2019.  *Id.*  The parental rights of M.L.J.P.'s father, mother, and any unknown father were involuntarily terminated on April 21, 2021.  M.L.J.P. has remained in her original foster placement, and the trial court has held status hearings at regular intervals.

On November 23, 2021, Paternal Grandmother, acting *pro se*, filed a motion to intervene on the adoption docket, wherein she asserted that she is M.L.J.P.'s paternal grandmother and is "seeking custody for adoption of my granddaughter…." Motion to Intervene, 11/23/21.[1] There is no order on the certified adoption docket disposing of the motion to intervene.[2] Further, Paternal Grandmother did not contemporaneously file a petition for adoption.

Following a status hearing on March 17, 2022, attended by Paternal Grandmother and her court-appointed counsel, in addition to counsel for DHS and the guardian ad *litem* ("GAL"), the court issued an order providing that "DHS is exploring [Paternal Grandmother] as a resource parent. All counsel in agreement." Order, 3/17/22.[3]

During a status hearing on December 8, 2022, which included the same participants, the court continued the hearing until March 23, 2023, because

---

[1] On January 28, 2022, the trial court appointed counsel for Paternal Grandmother.

[2] The order on appeal did not address Paternal Grandmother's standing. Because this Court may not address standing *sua sponte*, we do not review it. ***See In re Adoption of Z.S.H.G.***, 34 A.3d 1283, 1288-89 (Pa. Super. 2011) (clarifying that standing is not intertwined with subject matter jurisdiction; therefore, this Court may not raise standing *sua sponte*).

[3] In the subject motion for visitation, Paternal Grandmother alleged that she "was never explored for kinship during the dependency proceedings…." Motion for Visitation, 3/12/23, at ¶ 4. She alleged that she "was unsuccessful with her outreach to DHS during the dependency proceedings due to the fact that her granddaughter's last name was changed." ***Id.*** at ¶ 5.

DHS "needed to retrieve outstanding ICPC" referral. Order, 12/8/22.[4] Further, the court continued the hearing for the "GAL to interview child." *Id.*

On March 12, 2023, Paternal Grandmother, through her court-appointed counsel, filed the subject motion for visitation wherein she asserted that she has received the requisite clearances, signed a release as requested by DHS, and that "a referral was made to Pennsylvania to begin the ICPC process." *Id.* at ¶¶ 8-10. Moreover, Paternal Grandmother asserted that M.L.J.P. informed counsel for DHS and the GAL "that she does not wish to visit with Paternal Grandmother." *Id.* at ¶ 11. As such, Paternal Grandmother requested "one visit with her granddaughter for the purposes of triggering positive memories with the hope of starting supervised/therapeutic visits." *Id.* at ¶ 14.

---

[4] "ICPC" stands for the Interstate Compact for the Placement of Children and is relevant with respect to Paternal Grandmother because she resides in the State of New Jersey. *See* 62 P.S. § 761. The Pennsylvania Dependency Benchbook provides:

> The ICPC is a statutory agreement among member states, the District of Columbia, and the U.S. Virgin Islands authorizing them to work together to ensure that children who are placed across state lines receive adequate protection and support services.
>
> The ICPC establishes procedures for the placement of children and assigns responsibility for agencies and individuals involved in placing children.

Pennsylvania Dependency Benchbook, at p. 14–9 (Rev. 2014).

On March 15, 2023, the trial court issued a rule to show cause order. On March 21, 2023, the court canceled the status hearing scheduled for March 23, 2023, and instead scheduled a hearing on the motion for visitation.

Paternal Grandmother and her court-appointed counsel appeared for the motions hearing on March 23, 2023. In addition, the respective counsel for DHS and the foster mother appeared, along with the GAL. It is important to note that no party had filed a petition for adoption by this date.

The hearing proceeded as an oral argument, during which the GAL reported to the court that he has spoken to M.L.J.P., and "she said she did not want to visit" Paternal Grandmother. N.T., 3/23/23, at 8. DHS's counsel reported to the court that the "ICPC from New Jersey was declined due to the fact that the child … is not residing with the paternal grandmother. … And the child does not wish to reside with her." *Id.* at 7. In response, Paternal Grandmother stated that the GAL may have misidentified her as maternal grandmother in discussions with M.L.J.P., and that this is the reason that the child declined visits. *Id.* at 9-10.

By order dated and entered on March 23, 2023, the trial court denied Paternal Grandmother's motion for visitation, but directed that visits between M.L.J.P. and Paternal Grandmother could nonetheless take place "at Child's discretion." Order, 3/23/23.

On April 20, 2023, Paternal Grandmother, through court-appointed counsel, filed a timely notice of appeal and a concise statement of errors

complained of an appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).[5]  The

trial court issued a Rule 1925(a) opinion on June 6, 2023.

Paternal Grandmother questions on appeal "whether the trial court erred

and/or abused its discretion by failing to consider the best interest of the child

in denying" her motion for visitation.  Paternal Grandmother's Brief at 7.[6]

The GAL and counsel for DHS filed separate responsive briefs in this

appeal.  The GAL describes Paternal Grandmother's request before the trial

---

[5] In addition, on April 20, 2023, the foster mother of M.L.J.P. filed a petition for adoption.

[6] Paternal Grandmother's brief was filed on July 6, 2023.  Oral argument was scheduled to take place on October 4, 2023.  On October 2, 2023, Paternal Grandmother's counsel filed an application to waive oral argument and submit the case on the briefs that had been filed.  This Court granted that request on October 4, 2023.  On November 17, 2023, Paternal Grandmother filed, *pro se*, an application requesting that oral argument be reinstated.  In her application, she explained that her previous counsel no longer represented her and that:

> I am requesting Oral Argument to be re[in]stated d[ue] to the fact that [my counsel] submitted a Written Argument without my consent on 10/2/23.  I never met with [my counsel] nor ever spoke[] to him until 10/3/23.  It was then he told me via phone that he submitted a Written Argument on my behalf.

Application for Relief, 11/17/23, at 1 (unnumbered).  Upon review, we deny Paternal Grandmother's application.  Initially, Paternal Grandmother's counsel has not withdrawn on appeal, and "[a]s a general matter, our courts prohibit *pro se* filings by represented appellants, and we treat those filings as legal nullities." **Interest of B.G.J.**, 2021 WL 5027519, at *2 (Pa. Super. filed Oct. 29, 2021).  In addition, we note that Paternal Grandmother found out that her counsel had waived oral argument on October 3, 2023, and waited over six weeks later to take any action in this Court.  At that point, our review of the case was near complete.  Finally, granting Paternal Grandmother oral argument would not change our disposition, as her appellate brief filed on July 6, 2023 would remain deficient, as discussed *infra*.

court as one for compulsory visitation and advocates in favor of affirming the order as being in M.L.J.P.'s best interests. **See** GAL's Brief at 11. Likewise, DHS describes Paternal Grandmother's request as one for compulsory visitation and states that the claim on appeal is waived for failure to cite pertinent legal authority in the argument section of the brief. **See** DHS Brief at 6. In the alternative, DHS advocates in favor of affirming the order as being in M.L.J.P.'s best interests. **Id.** at 6-8.

From the outset, we note that while "grandparents are permitted to seek partial physical custody," Pennsylvania law provides that the burden is on the petitioning grandparent "to demonstrate that partial custody or visitation in their favor is in the child's best interests…." **D.R.L. v. K.L.C.**, 216 A.3d 276, 279 (Pa. Super. 2019) (internal citation and quotation marks omitted). Typically, such arguments are made in reference to the mandatory sixteen custody factors set forth at 23 Pa.C.S. § 5328(a) as well as the three custody factors pertaining to grandparents listed in Section 5328(c)(1). **See id.** at 280. Despite this well-recognized burden, however, Paternal Grandmother's arguments in this Court fail to include citations, references, or discussions concerning the pertinent legal authorities governing awards of partial physical custody. Overall, Paternal Grandmother has declined to set forth cogent arguments addressed to the governing law of such determinations. Her argument is presented as if the "best interests" of M.L.J.P. are essentially self-evident in this matter. By way of statute, they are not. **See** 23 Pa.C.S. § 5328(a), (c)(1).

Due to the paucity of argument presented in this Court, we agree with DHS that Paternal Grandmother has waived her argument on appeal. In the argument section of her brief, Paternal Grandmother asserts that "asking for one supervised visit at the agency was a reasonable request." Paternal Grandmother's Brief at 18. Paternal Grandmother argues, without citation to any relevant legal authority, that "the best interest of M.L.J.B. would be to visit with" her. *Id.* We conclude that Paternal Grandmother has failed to develop her issue in a meaningful fashion capable of this Court's review. *See In re M.Z.T.M.W.*, 163 A.3d 462, 465-66 (Pa. Super. 2017) (citation omitted) (reiterating that a claim is waived where an appellate brief fails to provide any discussion of the claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review); *see also* Pa.R.A.P. 2119 (Argument). We also emphasize that this Court will not act as counsel for a litigant, nor will we construct an adversarial argument from whole cloth where the party has not done so themselves. *See Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant.").

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/06/2023