J-A06013-18

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| BAYVIEW LOAN SERVICING, LLC, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARY KATHERINE DAHL, RANDOLPH DANIEL DAHL, SR., | |
| Appellants | No. 795 WDA 2017 |

Appeal from the Order Entered May 1, 2017
In the Court of Common Pleas of Butler County
Civil Division at No(s): 10-10720

BEFORE:  BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    FILED MAY 2, 2018

Appellants, Mary Katherine Dahl and Randolph Daniel Dahl, Sr., appeal pro se from the May 1, 2017 order granting summary judgment in favor of Appellee, Bayview Loan Servicing, LLC.  After careful review, we affirm.

We glean the following facts from the record.  On September 13, 1999, Appellants, in consideration of a loan in the principal amount of $56,250.00, executed a promissory note in favor of Ameriquest Mortgage Company ("Ameriquest").  As security for their obligations under the note, Appellants executed and delivered to Ameriquest, a mortgage for the property located at 122 Ziegler Avenue, Butler, Pennsylvania.  An assignment of mortgage from Ameriquest to Lehman Capital, a division of Lehman Brothers Holdings, Inc.

_____

[*] Retired Senior Judge assigned to the Superior Court.

("Lehman"), was recorded on March 29, 2010, in the Office of the Recorder of Deeds of Butler County in Book 3049, at Page 974.

On May 19, 2010, Lehman instituted this in rem mortgage foreclosure action with the filing of a complaint against Appellants. The complaint alleged that Appellants defaulted on the mortgage by failing to make payments since 2001, and indicated a total due and owing in the amount of $61,539.22, plus interest, costs, and attorney's fees. After multiple subsequent assignments, Appellee became the holder of the mortgage and filed a motion for summary judgment on March 1, 2017. Appellants failed to file any responsive pleading. On May 1, 2017, the trial court issued an order granting summary judgment in favor of Appellee. Judgment was entered accordingly on May 2, 2017, in favor of Appellee and against Appellants in the amount of $164,527.36.

Appellants timely moved for reconsideration of the May 1, 2017 order; however, after a hearing on the matter, the trial court denied their request. On May 31, 2017, Appellants filed a notice of appeal, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellants raise the following issues for our review:

> A. Did the lower court wrongfully grant [Appellee's] motion for summary judgment where Appellant[s] did not receive proper notice in violation of due process?
>
> B. Whether the lower court lacked subject matter jurisdiction to render an enforceable judgment since [Appellee] lacked standing to commence an action?

Appellants' Brief at 7 (unnecessary capitalization omitted).

Our standard of review with respect to a trial court's decision to grant or deny a motion for summary judgment is well-settled:

A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

Thompson v. Ginkel, 95 A.3d 900, 904 (Pa. Super. 2014) (some citations omitted).

Before we address the merits of Appellants' claims, we must evaluate whether Appellants have properly preserved those issues for our review, as required by Rule 1925(b). See Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc., 88 A.3d 222, 223 (Pa. Super. 2014) (citing Commonwealth v. Lord, 719 A.2d 306, 309 (Pa. 1998) (declaring "from this date forward ... [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.")); see

- 3 -

also Pa.R.A.P. 1925(b)(4)(vii) (requiring that issues not included in the Rule 1925(b) statement, where one is so-ordered by the trial court, are waived).

After careful review of the record, we discern that Appellants' first issue regarding notice and violation of due process is not included in their court-ordered Rule 1925(b) statement. We further acknowledge:

> Although this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

Commonwealth v. Adams, 882 A.2d 496, 497-98 (Pa. Super. 2005) (internal citations omitted).[1] Moreover, our Supreme Court has made its intention clear, that the holding in Lord is to operate as a bright-line rule, such that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." Greater Erie, 88 A.3d at 224 (quoting Commonwealth v. Schofield, 888 A.2d 771, 774 (Pa. 2005)) (emphasis added). "[I]t is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements." Id. Accordingly, we are constrained to deem Appellants' first issue waived.

Next, Appellants assert that the trial court lacked subject matter jurisdiction to render an enforceable judgment, because Appellee lacked

---

[1] Notably, the trial court previously opined: "While [Appellants] are pro se, they are no strangers to litigation, or to substantive and procedural law. Their many appearances before this [c]ourt have demonstrated their high levels of familiarity and sophistication with legal proceedings." Trial Court Opinion (TCO I), 5/22/17, at 5.

standing to commence the underlying foreclosure action. Appellants' Brief at 23. In Pennsylvania, "[w]hether a party has standing to maintain an action is not a jurisdictional question." In re Adoption of Z.S.H.G., 34 A.3d 1283, 1289 (Pa. Super. 2011) (per curiam) (internal quotation marks and citation omitted). Thus, to the extent that Appellants are claiming the trial court lacked jurisdiction based on Appellee's lack of standing, their argument clearly fails. Appellants primarily argue, however, that Appellee failed to produce evidence of its ownership of the note and, thus, lacked standing to commence the underlying foreclosure action. Appellants' Brief at 24. More specifically, Appellants assert that Appellee does not possess a valid assignment of mortgage and that the note was never transferred to them. Hence, they conclude that Appellee is "not the real party in interest and lacked standing to bring the underlying action." Id.

This argument fails, as well, because Appellants simply do not have standing to challenge the validity of the assignment. See J.P. Morgan Chase Bank, N.A. v. Murray, 63 A.3d 1258, 1264 (Pa. Super. 2013) (citing In re Walker, 466 B.R. 271, 285-86 (Bankr. E.D. Pa. 2012) (holding that a debtor lacks standing to question the validity of an assignment of note)). The underlying note is governed by Pennsylvania's Uniform Commercial Code ("PUCC") as a "negotiable instrument"; thus, there is no risk of Appellants' being held accountable twice for this single debt. See id. at 1263 (stating that "[p]ursuant to the PUCC, a debtor who satisfies his obligations under a negotiable instrument cannot be required to do so again, even if the recipient

- 5 -

of the debtor's performance is not the holder of the note in question") (citing 13 Pa.C.S. § 3602(a)). Based on the foregoing, the Murray Court found the chain of possession by which the appellee came to hold the note to be immaterial to its enforceability. Id. at 1266. Likewise, we conclude that Appellants' argument regarding the chain of title in the instant matter is unavailing.

Moreover, it is well-established that the mortgagee is the real party in interest in a mortgage foreclosure action. CitiMortgage, Inc. v. Barbezat, 131 A.3d 65, 68 (Pa. Super. 2016).

> The holder of a mortgage has the right, upon default, to initiate a foreclosure action. Additionally, the mortgage holder "is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." The foreclosing party can prove standing either by showing that it (1) originated or was assigned the mortgage, or (2) is the holder of the note specially indorsed to it or indorsed in blank.

Murray, 63 A.3d at 1267-68 n.6 (citations omitted).

Even if possession of the note were material, the trial court concluded that Appellee does indeed have possession of it, based on the following evidence produced by Appellee:

> [T]he recorded assignment of record confirmed to this court that the mortgage from the original mortgagor, Ameriquest, was assigned by duly recorded assignment dated March 29, 2010, to Lehman…. Said assignee was the plaintiff in the original complaint in the above[-]captioned matter. The mortgage was subsequently assigned by Lehman [] to Lex Special Assets, LLC [("Lex")], by recorded assignment, dated June 27, 2013. Thereafter, [] Lex … assigned the mortgage to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy

> Mortgage Loan Trust, Series 2013-7 [("Christiana Trust")], recorded June 12, 2014. Christiana Trust ... assigned the mortgage to Normandy Acquisition Company, LLC [("Normandy")], by assignment, recorded February 19, 2016. Thereafter, Normandy ... assigned the mortgage to [Appellee], by assignment, recorded February 19, 2016. [Appellee] has proper standing and is the present plaintiff in this mortgage foreclosure action. Accordingly, this court[] confirmed, prior to granting the motion for summary judgment, that a proper chain of recorded assignments[] exists and affords the [Appellee] standing to proceed with this case and with its request for summary judgment in these mortgage foreclosure proceedings.

Trial Court Opinion (TCO II), 6/27/17, at 1-2 (unpaginated) (unnecessary capitalization omitted). Additionally, the trial court found that Appellants did not deny "that they entered into the mortgage, that they received the proceeds, or that they failed to pay the mortgage." TCO I at 5. The trial court's findings are well-supported by the record.

As Appellants failed to establish a genuine issue of material fact, we conclude that the trial court did not commit an error of law or abuse its discretion when it granted Appellee's motion for summary judgment.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/2/2018